United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30622
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL FLETCHER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50082
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Carl Fletcher was found guilty on a single-count indictment charging him with being a felon in possession of a firearm. As his sole argument on appeal, Fletcher argues that the jury heard the testimony concerning the nature of his prior felony drug conviction in violation of the holding in Old Chief v. United States, 519 U.S. 172 (1997). We review the district court's evidentiary ruling for an abuse of discretion. United States v. Insaulgarat, 378 F.3d 456, 464 (5th Cir. 2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under Old Chief, 519 U.S. at 174, a district court abuses its discretion if it admits the name or nature of a stipulated prior conviction when such is offered solely to prove the prior-conviction element of the offense, and its introduction raises a risk of a verdict tainted by improper considerations. The instant case is distinguishable from Old Chief because the Government did not seek to introduce evidence of the prior conviction "solely" to prove the prior-conviction element of the offense. Rather, the Government elicited the testimony in order to establish that Williams might have a bias in favor of Fletcher. The potential bias of a witness is always relevant testimony. United States v. Powell, 124 F.3d 655, 661 (5th Cir. 1997). As in the instant case, evidence of bias may include testimony concerning the prior history between a witness and a defendant where the history establishes a possible motive for slanted testimony. See, e.g., id. The district court did not abuse its discretion by allowing the testimony. See Insaulgarat, 378 F.3d at 464.

AFFIRMED.